NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>CHRISTIAN J. ANDERSEN; JACKSON STRAMLER; GUILLERMO GARCIA; BRANDON WEBB; CAMERON BANAS; DANIEL W. WHITE; DOUGLAS FADDIS; JACOB GRILLO; JOAN PALMER; JOHN DOES, 1, 2, 3; JONATHAN SCOTT; MICKEY ALVIS; VITALIY BOYCHENKO,<br><br>       Defendants - Appellees. | No. 25-2353<br><br>D.C. No.<br>2:21-cv-00302-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James David Griepsma brought an action under 42 U.S.C. § 1983 against several Skagit County Sheriff's deputies ("County defendants") and several Washington State Department of Corrections employees ("DOC defendants"). His claims relate to an incident following his sentencing hearing and to events while he was incarcerated. He appeals from the judgment entered on the jury verdict in favor of the County defendants. Although the notice of appeal does not identify the district court's summary judgment rulings, we have jurisdiction to consider those rulings. *See Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) (explaining that "an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment"). We may affirm summary judgment on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017).

1.      Griepsma forfeited appellate review of his claims related to the jury trial and judgment against County defendants Christian Andersen and Jackson Stramler. Griepsma asserts that Andersen forcefully obtained his fingerprints, but he fails to identify any issue related to the jury trial or to provide any arguments in support of his assertions. We are not required to "manufacture arguments" for Griepsma or consider "a bare assertion" that was "not actually argued in appellant's opening brief." *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 673 (9th Cir. 2025) (citation modified). Because Griepsma's contention is

unaccompanied by any argument, we consider it forfeited. *See* Fed. R. App. P. 28(a)(8)(A).

Even if we construe Griepsma's brief as challenging the sufficiency of the evidence in support of the verdict, he forfeited this claim by failing to move for judgment notwithstanding the verdict under Federal Rule of Civil Procedure Rule 50(b). *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (explaining that "to preserve a challenge to the sufficiency of the evidence to support the verdict in a civil case, a party must . . . file a post-verdict motion . . . under Rule 50(b)").

2.      To the extent that Griepsma intended to challenge the district court's order granting summary judgment to the other County defendants, we do not consider any issues related to this ruling because no such claims were identified or argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *see also Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1017, 1020 (9th Cir. 2011) (deeming issues not supported by argument in pro se appellant's briefing waived).

3.      We affirm the district court's grant of summary judgment to the DOC defendants. Griepsma failed to exhaust available administrative remedies for the excessive force and medical claims he presents in his brief, and he failed to raise a

3                                                                              25-2353

genuine dispute of material fact on whether administrative remedies were effectively unavailable to him. *See* 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 642–44 (2016) (explaining that an inmate must exhaust available administrative remedies before bringing an action and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (explaining that exhaustion requires compliance with prison deadlines and other procedural rules).

4.    We do not consider Griepsma's claim that he was detained without a signed court order prior to his criminal trial. This argument was not presented to the district court, and we ordinarily do not consider claims that are raised for first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Additionally, Griepsma failed to meaningfully develop this issue. *See United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995) (holding that the court may refuse to consider undeveloped issues). For the same reasons, we do not consider Griepsma's conclusory assertion regarding the lack of medical care "before transport to DOC."

5.    Griepsma summarily asserts that his appointed counsel was ineffective "for trial prep and trial." But Griepsma was not entitled to counsel in this § 1983 action and therefore has "no right to effective assistance." *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

**AFFIRMED.**